## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ZIMMERMAN, | No. 4:19-CV-02192 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN C. HOWARD, | |
| Respondent. | |

## MEMORANDUM OPINION

### MAY 13, 2020

## I.    BACKGROUND

Presently before the Court is the petition for writ of habeas corpus of Petitioner Ronald Zimmerman filed pursuant to 28 U.S.C. § 2241 in which he seeks the recalculation of his good time credits.[1]  The Court issued an order to answer the petition to Respondent, who filed an answer on April 27, 2020, explaining that Petitioner had already been released to a halfway house and arguing that the petition should be dismissed for failure to exhaust administrative remedies.[2]  Since then, Respondent has filed a suggestion of mootness to advise the Court that Petitioner was released from custody on May 5, 2020.[3]  For the reasons that follow, the Court will dismiss the petition as moot.

---

[1]   Doc. 1.
[2]   Doc. 5.
[3]   Doc. 6.

## II.   DISCUSSION

In light of Petitioner's release from custody, this case is now moot and must be dismissed.  According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[4]  In the context of habeas corpus petitions, mootness questions frequently turn on straightforward factual issues.  Thus,

> a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."  In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[5]

Here, Petitioner challenged the Bureau of Prisons' calculation of his good time credits to secure an earlier release from confinement.  Because Petitioner has already received the ultimate relief that could be granted had the Court reached the merits of the Petition—release from custody—any recalculation of good time credits would fail to have any effect that would inure to the benefit of Petitioner.[6]  Because

---

[4]   *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

[5]   *DeFoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005) (internal citations omitted).

[6]   *See, e.g.*, *Scott v. Schuylkill FCI*, 298 F. App'x 220, 204 (3d Cir. 2008) (affirming dismissal of habeas petition as moot after the petitioner was released and noting that "once [the petitioner] . . . was released . . . his good time credits ceased to have any effect."); *Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008) ("Because he has served the complete term of

Petitioner has been released from custody, which prevents the Court from granting the ultimate relief requested by Petitioner, the Court will dismiss the petition as moot.

## III.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

imprisonment, [the petitioner] cannot show some concrete and continuing injury from the loss of good time credits.").